Page-1

FILED
SCRANTON

JUL 13 2018

PER _____
DEPUTY CLERK

Mr. Michael Gene Terrelonge
Registered No. #24254-058
U.S. Penitentiary Allenwood
P.O. Box #3000
White Deer, PA. 17887

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### SCRANTON DIVISION

| | | |
|---|---|---|
| MICHAEL GENE TERRELONGE, | * | Civil Action No. 3:18cv 1386 |
| Plaintiff, | * | BIVENS CIVIL RIGHTS COMPLAINT |
| V. | * | UNDER 28 U.S.C. §1331(a) and |
| | * | 28 U.S.C. §1343(a)(3) WITH A |
| MARK S. INCH, CENTRAL DIRECTOR, | * | JURY TRIAL DEMAND PURSUANT TO |
| MICHAEL D. CARVALJAL, REGIONAL DIRECTOR, | * | RULE 38(B) OF THE FEDERAL RULES |
| LEONARD J. ODDO, COMPLEX WARDEN, | | CIVIL PROCEDURE AND THE SEVENTH |
| ASSOCIATE WARDEN MR. WHITE | * | AMENDMENT TO THE UNITED STATES |
| ASSOCIATE WARDEN MR. GIBSON, | * | CONSTITUTION: |
| MICHAEL RODALMEL, B-2 UNIT MANEGER, | * | |
| SEVERAL UNKNOWN EXECUTIVE OFFICERS, | * | |
| Defendants. | * | |

### COMPLAINT
### BY A PRO-SE PERSON IN FEDERAL CUSTODY

Plaintiff, Mr. Michael Gene Terrelonge, hereby alleges the following facts based upon his information and personal belief, that the defendants intentionally and willfully violated plaintiff's civil rights, by using legal malfeasance to impose a conspiracy to extort and officially oppress same under the quise of a criminal judgment, in which did not direct these defendants or authorized them to impose adminstrative sanctions against the relator in direct violation of the agency's own bylaws, based upon an unconstitutionally enacted policy without Congressional approval.

## JURISDICTION AND VENUE

1.   The court's jurisdiction over this matter will arise under 28 U.S.C. §1331(a) and 28 U.S.C. §1343(a)(3), to redress the deprivation, under the color of federal law, of rights secured by the United States Constitution. Plaintiff further seeks declaratory relief pursuant to 28 U.S.C. §§2201-2202, and injunctive relief under 28 U.S.C. §§2283 03 2284 based upon Rule 65 Fed.R.Civ.P.

2.  The court's venue over this proceeding arises under 28 U.S.C. §118(b) and 28 U.S.C. §1391(e).

## PARTIES TO THIS ACTION

PLAINTIFF:

3.  Mr. Michael Gene Terrelonge, is a federal prisoner, who is a convicted for Bank Robbery and other related offenses, and currently housed at the United States Penitentiary Allenwood, Route 15, Two Miles North of Allenwood, P.O. Box #3000, White Deer, Pa. 17887., and is the victim of the defendants misfeasance.

DEFENDANTS:

4.  Mr. Mark S. Inch, is the Central Director of the Federal Bureau of Prisons, and is legally responsible for the acts or omissions by lower class executives, and enact policies and procedures for the agency as the chief executive officer of that department, who is honored bound to up hold the Constitution and Laws of the United states.

hold the Constitution and Laws of the United States, and failed to do so, who is being sued in hia individual capacity.

5.   Mr. Michael D. Carvaljal, is the Northeast Regional Office Director, for the Federal Bureau of Prisons, located at 2d. &. Chestnut Street, 7Th Floor, Philadelphia, Pennsylvania 191906, who is responsible for policy enforcement, staff disciplinary actions, and duty bound to uphold the Constitution and Laws of the United States, and had deliberately failed to do so based upon a practice and custom he approved, and is being sued in his individual capacity.

6.   Mr. Leonard J. Oddo, is the Complex Warden of Allenwood Federal Penitentiary, responsible for inmates welfare, disciplinary and their safety, besides staff manegment problems, and was responsible for the policy enforcement of an unconstitutional regulation, who was duty bound to uphold the Constitution and Laws of the United States, and failed to do so, who is also being sued in his individual capacity for the wilful violation of the plaintiff civil rights.

7.   Mr. White ("first unknown") is the associate Warden of Custody, and currently acting chief executive officer of Allenwood Federal Penitentiary, located at Route 15, Two Miles North of allenwood, P.o. Box #3000, White Deer, Pa. 17887; Who is responsible for the Security of the facility, staff and inmate disciplinary actions, prisoners welfare or safety on a dialy basis, and honored bound to uphold the Constistution ot Laws of the United States, and has failed in his duties, and is being sued in his individual capacity for the wilful violation of plaintiff's civil rights.

8. Mr. Gibson ("first unknown") is the Associate Warden of Programs at Allenwood Federal Penitentiary, located at Route 15, Two Miles North of Allenwood, P.O. Box #3000, White Deer, PA. 17887; who is directly responsible for the implementation and enforcement of the Inmate finacial Responsibility Program through the Unit Teams, inmate welfare/disciplinary and safety, and also honored bound to uphold the Constitution and Laws of the United States, and has deliberately failed in his duties to do so over a politically correct invalid regulation, and is being sued in his individual capacity for the wilful violation of plaintiff's civil rights.

9. Mr. Michael Rodarmel, is the B-2 Unit Team Maneger at the United States Federal Penitentiary Allenwood, located Route 15, Two Miles North of Allenwood, P.O. Box #3000, White Deer, Pa. 17887; who is responsible for the B-2 Unit Casemanegement oversight, inmate welfare/disciplinary and program reviews, besides prisoner safety on a dailey basis, and honered bound to uphold the Constitution and Laws of the United States, yet, chooses to enforce an unconstitutional regulations, and is being sued in his individual capacity for the wilful violation of the plaintiff's Constitutional rights.

10. There are several unknown defendants in this case who are involved in these proceedings, and plaintiff does not know there names or positions as a result that the named defendants and their predecessors have implemented an unwritten policy, practice and custom to withhold all those unknown charactors/ actors names from public view, and further will not disclose first names or middle initials thereof, to prevent lawsuits based upon their  acts and omissions commited on a dialey basis contrary to their own bylaws, and is still being sued in the individual capacity for the wilful violation of plaintiff's civil rights.

## STATUTE OF LIMITATIONS

**11.**   The plaintiff is weel within the applicable statute of limitation period under 42 Pa. Cons.Stat. §§5524(2) et. seq., because those named in this complaint committed their acts and omissions alleged between (1999) and (2018) on a series of continuing violations non-stoped regardless of the trial court's sentencing judgment and commitment order in plaintiff's criminal case, the defendants will attempt to shield themselves from anykind of liability.

## EXHAUSTION OF PRISON ADMINISTRATIVE REMEDIES

**12.**   On March 20, 2017., plaintiff submitted his former BP-9 complaint against the defendants requesting removal from the ("IFRP") and was denied by defendant Oddo on April 19, 2017.

**13.**   On May 7, 2017., plaintiff submitted his BP-10 appeal to the Northeast Regional Office, which was also denied on May 30, 2017.

**14.**   On October 11, 2017., the Central Office of the Bureau of Prisons denied plaintiff last step appeal on the Inmate financial policy and basically admitt it is permissible to impose disciplinary sanctions as a result of the Sentencing Court order, regardless, of the (BOP) Regulations to the contrary.

**15.**   On February 15, 2018., the plaintiff filed a second round administrative remedy BP-9 complaint, as a result of a related matter dealing with the ("IFRP") Program and the Bureau of prisons Cost-saving one as well

as well, which was affecting Mr. terrelonge's ability to manege his diabetic disorder, which was denied by defendant Oddo on March 1, 2018.

16.   On March 19, 2018., the plaintiff filed an appeal to the medical complaint in relation to the ("IFRP") Program, which was summarily rejected on April 4, 2018., and not returned to Mr. terrelonge's possession until April 15, 2018., on the false premise that plaintiff was timed barred to have his case heard, as a result of the Allenwood defendants practices or customs to unlawfully detain prisoners appeals to Region or Central Offices whether it is outgoing or incoming mail.

17.   On April 26, 2018., the plaintiff filed a procedural appeal to Central office, claiming, inter-alia, that the rejection procedures that the ("BOP") staff reley upon are unconstitutional, based on the unlawful practices and customs employees in senior positions have allowed to affect its ability to resolve the agency's own problems, which is nothing than an fiction the Justice Department has utalized to evade civil process.

## STATEMENT OF FACTS

18.   During all relevent times stated herein, plaintiff has been in the custody of the defendants since ("1999"), and alleges that:

19.   On September 6, 2016., plaintiff arrived at the United States Penitentiary Allenwood, and assigned to 2-B Housing Unit under those defendants Rodalmel, Gibson, White and Oddo respectively.

20.   On or about September 12, 2016., plaintiff was summoned to 2-B Casemaneger Mr. Burke's Office for Mr. Terrelonge's initial unit-team

review, and during the interview with Mr. Burke, the casemaneger told plaintiff that he would face severe sanctions ["if"] Mr. Terrelonge did not cooperate with the Inmate Financial Responsibility Program, and thereby, volunteer to cooperate to make payments towards plaintiff's fines and restitution.

21. On or about September 12, 2016., the plaintiff confronted the 2-B Casemaneger about the fact that the sentencing court in Mr. Terrelonge's case specifically mandated that plaintiff was not required to start his fines or restitution payments until his release from imprisonment.

22. On or about September 12, 2016., Casemaneger Mr. Burke informed the plaintiff that the Bureau of Prisons are not confined by court orders or restricted by Federal Judges recommendations in criminal judgments, and then informed Mr. Terrelonge that he will be sanctioned should he refuse to sign a voluntary agreement.

23. On or about September 12, 2016., plaintiff informed his casemanger , that the only way he would agree to this coerced payment scheduling payment under the ("IFRP"), is on the basis that the ("BOP") will not be allowed to tax-his family or friend gifts, and that Mr. Burke aided plaintiff in getting a good paying job assignment, which he agreed to those terms, and Mr. Terrelonge executed the agreement.

24. On or about October or November 2016., plaintiff was in fact placed on "Inmate Financial Responsibility" ["refusal"] status for missing the initial quarterly payment schedule, which an host of sanctions was imposed on his automatically under an computor program, that reduced Mr. Terrelonge's institutional pay to a mere ("5.00") dollars-a-month, and a spending limit to

no more than ("25.00") dollars-a-month, besides all other unlawful sanctions the ("IFRP") stigmatizes prisoners with.

26.    On or about December 10, 2016., plaintiff approached the Unit Maneger defendant Mr. Rodalmel to complain about the injustice imposed on Mr. Terrelonge, and requested that these sanctions be removed, because he did not agree to allow staff to impose disciplinary sanctions against him, which defendant Rodalmel stated, that no inmate has to agree to those sanctions, it is a fact Mr. Terrelonge has to live with or use his family gifts to pay off his debt to the government.

26.    On or about December 10, 2016., plaintiff informed the Unit Maneger, that his judgment and commitment order does not authorize staff to collect court fines or restitutions owed to the courts, let alone assess ment fees.

27.    On or about December 10, 2016., Defendant Rodalmel told the plaintiff, that it did not matter whether the sentencing judge authorized their actions or not, because that is mandated by Bureau Policies.

28.    On or about December 10, 2016., plaintiff responded to defendant Rodalmel's assertion, by pointing out that the court did not now or ever authorized the defendants to "set a payment scheduling order", that therefore, the Federal Bureau of Prisons is not permitted to insert one at their discretion.

29.    On or about December 10, 2016., Defendant Rodalmel told plaintiff, that the ("BOP") did not need the courts permission, and that was end of the discussion.

30.   On or about December 18, 2016., plaintiff approached A.W.
Mr. Smith, over 2-B Unit Team about this situation, and he siad that plaintiff
needed to work his problems out with defendant Rodalmel, regardless, because he
was only following policy, despite the fact that plaintiff detailed his views
about the erroneous sanctions, and the fact that the sentencing court did not
direct the plaintiff or his family members to pay Mr. terrelonge fines, court
fee assessments or restitution.

31.   On or about December 22, 2016., plaintiff approached
Defendant White, Associate Warden  over Custody, and complained to him about
these circumstances, and told the defendant, that the Unit Team defendants or
Warden Oddo, could not imposed disciplinary sanctions against plaintff for his
first amendment right to protest defendants unauthorize penalizing plaintiff
on a court order, which does not approve the ("BOP") to act outside its express
command, that Mr. Terrelonge was not required to pay fines or restitution until
his release from incarceration.

32.   On or about December 22, 2016., defendant White told the
plaintiff not to approaching staff making demands or instructing them who they
can penalized or not, and the Disciplinary Hearing Officer has no oversight on
Unit Team Staff defendants or Associate Warden Mr. Smith, because the ("IFRP")
Program overrides the disciplinary program, which gives Mr. Terrelonge absolutly
["no"] rights whatsoever, then told plaintiff to either pay his debts or he will
find himself in special housing for making threats upon employees who is just
doing their jobs.

33.   On or about December 23, 2016., plaintiff approached
defendant Oddo, and told him about the same set of circumstances, and he
first attempted to redirect plaintiff towards defendant Rodalmel, which
Mr. Terrelonge informed defendant Oddo, that he was the one plaintiff was
complaining about, and the fact that defendant White made threats towards
the relator's placement into the special housing unit for complaining, and
defendant Oddo told plaintiff he needed to following staff instructions no
matter the situation.

34.   On or about December 23, 2016., plaintiff informed
defendant Oddo, that Mr. Terrelonge has first amendment rights, and told
defendant Oddo, that he and his staff do not have a right to override an
United States District Judge's court order Judgment.

35.   On or about December 23, 2016., Defendant Oddo, siad
he will not discuss the matter no-more, and told plaintiff to file whatever
he wanted with the Administrative Remedy Program.

36.   On or about May , 2017., the plaintiff filed his appeal
to Defendant Carvaljal in relation to the Bureau of Prisons illegal Inmate
Financial Responsibility Program, its application to plaintiff who was not
ordered to pay restitution to the ("BOP"), nor authorized Allenwood defendants
to act as a collection agency for the court, based upon the fact that the court
did not set a scheduling payment in Mr. Terrelonge's case.

37.   On or about May 30, 2017., defendant denied the plaintiff's
appeal to the complaint made before defendant Oddo, and rubber stamped the BP-9

denial as being valid on its face, and disregarded plaintiff's premise for
the appeal, because that is what the defendant is instructed to do by those
unnamed defendants in Washington, D.C., despite defendant Carvaljal oath of
Office.

38.   On or about October 11, 2017., the plaintiff filed his
last step appeal to defendant Mark S. Inch, the current Bureau of Prisons
Central Office Director, about the illegal ("IFRP") Program, and defendants
Carvaljal, Oddo, Gibson, White and Rodalmel's failure to remedy the problem,
based upon their personal views towards prisoners debts owed to the courts,
and the fact that plaintiff was never ordered to pay fines or restitutions,
and courts assessments to the Bureau of prisons.

39.   On or about October 2016, and and January 2017, the
plaintiff started complaining about the medical department's decision to
cease the snack-meal program for diabetics, which alleviated prisoners from
taking medications, and to indigent to afford replacements.

40.   Between January 2017 and Febuary 2017., Hospital
Administrator and the doctor Buschman at U.S. Penitentiary Allenwood told
the plaintiff it was the decision of defendants Carvaljal, Oddo, Smith and
other unknowned persons to cease the program due to cost-saving measures
imposed by executive order.

41.   Between January 2017 and and 2018, plaintiff argued with
defendants Oddo, White, Smith, Gibson and Rodalmel, that due to the removal of
food-snack program and the Inmate Financial Responsibility Program was making
it impossible for plaintiff to manege his diabetic condition.

42.    Between 2017 and 2018, defendants Oddo, White, Smith, and
Mr. Gibson stated more than once, that it was out of their hands about the food
snack program for diabetics, regardless, of the inmates complaints because an
unnamed source in Washington, D.C. Central Office made that decision for some
unstated reason.

43.    Between 2017 and 2018., the plaintiff and his legal aid
began an investigation into the matter relating to the cessation of the food
snack program, and discovered that the Executive Defendants past and present,
which include Defendants Inch, Carvaljal, Oddo, White, Smith, Gibson, and Mr.
Rodalmel was involved into a conspiracy to defund certain departmental items
or programs, or lessen them to a degree to appear ligitimate, based upon their
unjust enrichment schemes to insure big year end bonuses.

44.    Between 2017 and 2018., plaintiff filed a complaint with
the Inspector general's office and pursued administrative relief based upon
the erroneous finding, that those defendants known and unknowned alike was
depriving plaintiff of an food-snack, that has eixsted since ("1985") for any
prisoner who was indigent, and was better than most medications.

45.    Between October 2017 and January 2018., defendant Oddo
told plaintiff that he better not continue his false allegations or ("Oddo")
would have Mr. Terrelonge placed into special housing and transfered, which
plaintiff could no longer trust the fact that the Inspector general's office
would shield the relator from whatever harm defendant Oddo planned, that made
the plaintiff afraid to push his administrative filings no further, because
defendant Oddo and White are known for their retaliatory conduct and mail

tampering activities, no court to date has been willing to resolve based on some corrupted program instituted by these defendants.

46.    Prior to the above, and starting back in ("1987") Employees known and unknown instituted what is now refered to as the Inmate finacial Prison Responsibility Program, that requires inmates to meet their court fines, assess ment fees and restitution owed the United States Courts.

47.    Defendants past and present enlisted a variety of reasons on a post-hoc rationalization level with the courts to self-justify the program under the Inmate Financial Responsibility Policies under a provision of law not applicable to the agency enforcement scheme set forth by Congress, yet all those involved into this travisity of justice, has shown a disregard for Congressional intent, which did not authorize defendants Inch, Carvaljal, Oddo, White, Smith, Gibson, Rodalmel and those unknowned to enact the ("IFRP"), let alone imposed an **host** of sanctions, outside its own agency policies and procedures for inmate disciplinary action, which affects plaintiff's release date or lower custody level, on a retaliatory level.

A.    Defendants have abandon their oath of office

B.    Defendants have no intentions of honoring a sentencing court order or Third Circuit Decisions unless compelled to do so

C.    The inpach on plaintiff's medical condition is being totally disregarded by the defendants, who is willing to allow an prisoner to die to force its preferences.

## STATEMENT OF THE CLAIMS

### FIRST CAUSE OF ACTION UNDER THE FIFTH AMENDMENT

48.   Plaintiff repeats and realleges Paragraphs (18) through (35), as fully set forth that:

49.   Defendants Inch, Carvaljal, Oddo, White, Smith, Gibson and Mr. Rodalmel, knowingly and wilfully imposed an host of disciplinary sanctions against the plaintiff, outside the Constitution and Laws of the United States in violation of the Fifth Amendment right to Due Process and Equal Protection thereof;

50.   As a result of defendants Inch, Carvaljal, Oddo, White or Gibson, Rodalmel and those unkonwn defendants unconstitutional implementation and enforcement of a unauthorized regulation and corresponding policy statement that violated Mr. Terrelonge's civil rights, plaintiff has had to suffer both erroneous and onerous deprivations outside the disciplinary hearing process with charges or the right to appeal, that imposed atypical and significant hardships upon the relator without any penological interest in relationship to a federal court sentencing order.

51.   Inaddition to the above, the defendants have engaged into extortionate acts and omissions to further their unlawful agenda, by attempting to coerce Mr. Terrelonge into forcing his family to become a surrogate party on the pain of never being able to visit his wife or children, and is causing him disolution of his family unity.

## SECOND CAUSE OF ACTION UNDER THE FIFTH AND EIGHTH AMENDMENT

52.    Plaintiff repeats and realleges Paragraphs (18) through (43), by reference incorporation and fully set forth herein that:

53.    Defendants, Inch, Carvaljal, White, Smith, Oddo, and those unknowed persons, knowingly and wilfully conspired, confederate with each other at various times and places, together and seperately amonst each other to impose an host of disciplinnary sanctions against plaintiff, as a measure to coerce or extort monies not owed to the Bureau of Prisons, or them, thereby forcing Mr. Terrelonge to endure deprivations, not authorized by the Constitution or Laws of the United States, amounting to cruel and unusual punishment in violation of the Fifth and Eighth Amendments thereof.

54.    As a result of Defendants Inch, Carvaljal, Oddo, White, Smith, and those unknown persons unconstitutional implementation of regulation and policies not authorized by Congress, that violate plaintiff's civil rights, Mr. Terrelonge has had to suffer food diets involuntarily and blood suger and other deficiencies imposed upon him infurtherence of the defendants conspiracy to rewrite the Laws of the United States they find unacceptible without "any" penological interest involved dealing with the prison system mission statement or orderly running of the agency's facilities or security, which was designed to impose a deliberate atypical and significant hardhsip upon the relator who was mandated to meet his financial responsibility upon release.

55.    Inaddition to the above, defendants Inch, Carvaljal, Oddo, White, Smith, Gibson, and those unknown have attemted to extort the plaintff's

family out of their hard earned monies through Mr. Terrelonge, which has cause
severe hardships upon him as a result of their fraudulent activities, where his
spouse and children have not been able to visit in order to keep them a family
unit, which is part and parcel to these defendants grand design to coerce an
prisoner into cooperating with an unconstitutional law.

### THIRD CAUSE OF ACTION UNDER THE FIRST, FIFTH AND EIGHTH AMENDMENTS

56.   Plaintiff realleges and incorporates by--reference from
Paragraphs (18) to (47) as fully set forthe herein that:

57.   Defendants Inch, Carvaljal, Oddo, White, Smith, Gibson,
Rodalmel, and those unknown persons, knowingly conspired, confederated and
colluded with each other, at seperate times and places, to deprive plaintiff
of his civil rights, based upon a practice and custom to selectively observe
agency bylaws or Congressional Mandates when it suit's those involved, and
enacted a policy designed to penalize inmates right to protest unconstitutional
conduct by prison employees working for the agency under such fictions outside
the Constitution and Laws of the United States, in violation of the First, Fifth
and Eighth Amendments thereof.

58.   Inaddition to the above, the defendants Inch, Carvaljal,
Oddo, White, Smith, Gibson, Rodalmel, and those past and present unknown have
created a program, that automatically penalizes prisoners right to access to
the court, by estremely limiting the purchasing of postage stamps without their
express consent, having nothing to due with the security or orderly running of

the prison institutions, thereby, forcing inmates and the plaintiff to choose between his personal needs and mailing stamps, due to the erroneous commissary spending limit imposed, as a result of the unconstitutional ("IFRP) policies, which is incidently affecting the fact and duration of Mr. Terrelonge's prison confinement rights.

### PRAYER FOR RELIEF

Wherefore, plaintiff Mr. Terrelonge respectfully prays that the trial court will order the defendants collectively and seperately to pay the plaintiff the sum in the amount of:

A. 50.000,00 Thousand Dollars monitary damages.

B. 50.000,00 dollars in punitive damages for the wilful conduct.

C. Award appropriate injunctive relief prohibiting defendants from retaliating against the plaintiff, in any way shape or form.

D. Award decleratory judgment against the Inmate Financial Responsibility Program, as being Unoconstitutional on its faces and as-applied to the ("BOP") Disciplinary Program, and those rights guaranteed thereof.

E. Direct each defendant to reinverse plaintiff for court cost, fees and any possible attorney fee that may become possible should the court appoint one, with interests involved herein, besides any other relief available in these premises.

Respectfully Submitted

Dated: 6|04|2018

**PLAINTIFF**

## VERIFICATION UNDER THE PENALTY OF PERJURY

I, Michael Gene Terrelonge, hereby certify and verify, that the foregoing facts are true and correct to the best of affiant's knowledge under 28 U.S.C. §1746 or sworned before an Notary Republic under 57 Pa. C.S.A? §305.

Dated:

**PLAINTIFF**

T. Burke, Case Manager
Authorized by the Act of July 7,
1955, as amended to administer
oaths (18 USC 4004).

SECURITY' [15 USC et seq.]
U.S.S.E.C. TRACER FLAG
(not a point of law — under necessity, per agreement of the parties and/or in violation of Bill of Rights – 2nd para.)
#:700934|000149224507

michael-gene:Terrelonge, sui-juris
[24254058]
FOR: MICHAEL GENE TERRELONGE, ENS LEGIS
U.S. Penitentiary ALLENWOOD
P.O. BOX 3000
WHITE DEER, PENNSYLVANIA [17887]

To: OFFICE OF THE CLERK OF COURT
U.S. District Courthouse
William. J. Nealson Fed. Bldg. & U.S. Courthouse
P.O. BOX 1148
SCRANTON, PENNSYLVANIA [18501-1148]
Atten: Peter J. Welsh, d.b.a. Acting Clerk of Court

NOTICE TO AGENT(S) IS NOTICE TO PRINCIPAL

NOTICE TO PRINCIPAL IS NOTICE TO AGENT(S)

## NOTICE OF INTENT

RE: 3:17-cv-2356

Dear: Peter J. Welsh, dba Acting Clerk of Court

I, michael-gene:Terrelonge, sui-juris, As Authourized Representative FOR: MICHAEL GENE TERRELONGE, ENS LEGIS Declare his intention to keep this matter private for if I am forced to file a claim it will not be a small matter, but it will be an International Tort Feasor, so the International Court will have Exclusive Jurisdiction over this matter. Pursuant to INTERNATIONAL PUBLIC ORDER.

So, I, Hereby place you and all parties on DUE NOTICE AND DEMAND the following Immediately but not to exceed (30) days, for whatever reasons you or any Accommodating Parties refuses to respond and/or Perform to your/their Contractual Obligation, I, will be forced to execute and file AFFIDAVIT OF NON-RESPONSE as well as AFFIDAVIT OF DEFAULT, commence with a claim of a Lien against ALL NON-RESPONSIVE PARTIES.

FOR any reasons you feel you cannot perform to any task as stipulated and instructed regarding to this issue at hand, speak up Immediately so to allow me, the sui-juris, the opportunity to issue you a HOLD-HARMLESS and INDEMNITY AFFIDAVIT clearing you of any and ALL actions regarding this claim, so you can perform ALL functions as dictated by me and supported by law.

"ALL RIGHTS RESERVED"
WITHOUT PREJUDICE U.C.C 1-308

DATE: 6/28/2018

LS/ Michael-Gene: Terrelonge

Michael-Gene:Terrelonge; Trustee [UCC 1-210 (35)
SECURED-PARTY-CREDITOR; AUTHORIZED REPRESENTATIVE;
ATTORNEY-IN-FACT ON BEHALF OF
MICHAEL GENE TERRELONGE
ENS LEGIS

N.I.-082468-MGT

A 'SECURITY' [15 USC et seq.]
U.S.S.E.C. TRACER FLAG
(not a point of law – under necessity, per
agreement of the parties and/or in
violation of Bill of Rights – 2nd para.)
#:700934100001 49224507

## "A SOVEREIGN IS ANSWERABLE ONLY TO GOD AND CONSCIENCE"

### CAVEAT

That, **michael-gene:Terrelonge**, upon receipt of this Memorandum of Law on Sovereignty of the people with Points and Authorities (via Certified Mail #**7009341000014922450**), Notice and Demand, is made upon you to review and respond to the above memorandum and each 'point' and 'authorities' as enumerated above and documented upon the public record, by Certified, U.S. Mail to the 'sovereign' as addressed below or to the Notary's address as indicated below, within 15 days upon receipt of this Memorandum, allowing up to three days grace for return mail delivery.

Failure to do so, by as either a 'Public Servant' who by 'Oath of Office' or duty as an 'Officer,' 'agent', or 'employee' of a government created corporation, municipality, etc., and/or by and through your 'Position,' 'office', or "superior knowledge of the law," will place you in default, and the presumption will be taken upon the private and public record that you and your office fully agrees to the 'points and authorities' contained within this Memorandum and that the 'points and authorities' are *true, correct and certain.* (F.R.C.P. 8d)...and that one of the '*We the people*' as named below and his/her seal/signature is sovereign within the collective capacity of said WE THE PEOPLE and possesses true sovereign power.

**Notice to Principal is Notice to agent and Notice to agent is Notice to Principal.**

```
         michael-gene:Terrelonge,sui-juris
   FOR: MICHAEL GENE TERRELONGE
             REG No: #24254-058
        U.S.PENITENTIARY ALLENWOOD
           ROUTE 15/P.O. BOX 3000
      ALLENWOOD, PENNSYLVANIA [17810]
```

DATE: 6/28/2018

ALL RIGHTS RESERVED
WITHOUT PREJUDICE U.C.C. 1-308
LS/ Michael-Gene:Terrelonge
Michael-Gene:Terrelonge; Trustee [UCC 1-210 (35]
SECURED-PARTY-CREDITOR; AUTHORIZED REPRESENTATIVE;
ATTORNEY-IN-FACT ON BEHALF OF
MICHAEL GENE TERRELONGE
ENS LEGIS

Research Guide

Am Jur:

10 Am Jur 2d, Banks and Financial Institutions § 159

Other Treatises:

11 Banking Law (Matthew Bender), ch 213, Edge and Agreement Corporations § 213.03

## § 630.  Offenses by officers of corporation; punishment

Every officer, director, clerk, employee, or agent of any corporation organized under this section [12 USCS §§ 611 et seq.] who embezzles, abstracts, or wilfully misapplies any of the moneys, funds, credits, securities, evidences of indebtedness or assets of any character of such corporation; or who, without authority from the directors, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, debenture, draft, bill of exchange, mortgage, judgment, or decree; or who makes any false entry in any book, report, or statement of such corporation with intent, in either case, to injure or defraud such corporation or any other company, body politic or corporate, or any individual person, or to deceive any officer of such corporation, the Federal Reserve Board [Board of Governors of the Federal Reserve System], or any agent or examiner appointed to examine the affairs of any such corporation; and every receiver of any such corporation and every clerk or employee of such receiver who shall embezzle, abstract, or wilfully misapply or wrongfully convert to his own use any moneys, funds, credits, or assets of any character which may come into his possession or under his control in the execution of his trust or the performance of the duties of his employment; and every such receiver or clerk or employee of such receiver who shall, with intent to injure or defraud any person, body politic or corporate, or to deceive or mislead the Federal Reserve Board [Board of Governors of the Federal Reserve System], or any agent or examiner appointed to examine the affairs of such receiver, shall make any false entry in any book, report, or record of any matter connected with the duties of such receiver; and every person who with like intent aids or abets any officer, director, clerk, employee, or agent of any corporation organized under this section [12 USCS §§ 611 et seq.], or receiver or clerk or employee of such receiver as aforesaid in any violation of this section [12 USCS §§ 611 et seq.], shall upon conviction thereof, be imprisoned for not less than two years nor more than ten years, and may also be fined not more than $5,000, in the discretion of the court.

(Dec. 23, 1913, ch 6, § 25A [25(a)], ¶ 21, as added Dec. 24, 1919, ch 18, 41 Stat. 384; Dec. 19, 1991, P. L. 102-242, Title I, Subtitle E, § 142(e)(2), 105 Stat. 2281.)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

Explanatory notes:

USCS

1

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



ACCEPTED FOR VALUE

PRIORITY MAIL

PRESS FIRST

CERTIFIED MAIL

U.S. POSTAGE
WHITE DEER, PA
JULY 2018
AMOUNT
$0.00
R2300K13597208

7009 3410 0003 4922 4507

PS0000100000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE®

OBSTRUCTION DELIVERANCE
OF THIS MAIL CHARGED
$5 BILLION USD
PER NAME/ PER EVENT

INTERNATIONAL OR
NON - INTERNATIONAL

FROM: WITHOUT PREJUDICE

Terrelonge Michael ©
28/108 Route 15 / P.O.Box 3000
U.S.P. Allenwood
Allenwood, PA [17810]
United States

◇24254-068◇

JUL 18 2018

LEGAL MAIL

" SOVEREIGN DIPLOMAT VESSEL "
IN FRINGEMENT $5 BILLION USD
SEE 18 USC § 1702 et seq.
" OBSTRUCTION OF CORRESPONDANCE "

TO:

◇24254-068◇
Office Of The Clerk
P.O.Box 1148
235 N Washington AVE
Scranton, PA [18501-1148]
United States

JUL 18 2018

NON DOMESTIC
POSTAL SERVICE
MATTERS